UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY GUGLIELMO,<br>　　　*Plaintiff,*<br><br>　　　*v.*<br><br>CVS PHARMACY, INC.,<br>　　　*Defendant.* | Civil No. 3:20cv1560 (JBA)<br><br>August 2, 2021 |

**RULING AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff Anthony Guglielmo brings suit against Defendant CVS Pharmacy, Inc. (CVS) for unsolicited calls "in the form of messages, faxes, and texts" to Plaintiff in 2018 in violation of the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227(b)(1)(A) and Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 52-57(c), and for negligent infliction of emotional distress.  (Second Am. Compl. (SAC) [Doc. # 26] at 4-6.)  Plaintiff originally filed suit in the Superior Court of Connecticut, Judicial District of New Haven at New Haven. (Def. CVS Pharmacy, Inc.'s Notice of Removal [Doc. # 1] at 1.) After removing the case to federal court, (*see id.*), Defendant now moves to dismiss the complaint [Doc. # 27] for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's failure to allege that the calls were made by an automatic telephone dialing system (ATDS) dooms his claim.

**I.   Background**

Plaintiff alleges that he "received multiple calls in the form of text messages, on the same day, on several occasions" that "indicated they were automatically dialed" because "there was no way to respond to anyone directly to communicate concerning the message" and, despite his "attempt[s] to opt out using the instructions, [] he continued to receive messages." (SAC ¶ 11.) Plaintiff further alleges that he "received texts for prescriptions of

1

his father," which "were not made for emergency purposes," and "were automated in that there was no way to directly respond to any person at CVS." (*Id.* ¶ 12.) Plaintiff alleges that he received over 100 faxes in the middle of the night, and that he knows they were "sent by an automated system" because

> there was no full transmission of the fax message, . . . multiple faxes were sent out in a short period of time, [n]o person from CVS ever contacted Mr. Guglielmo either to inquire as to the reasons why the fax message was not received, [n]obody at CVS was monitoring the sending of the fax message, . . . [and o]ver 100 faxes were sent out by CVS to Mr. Guglielmo's cell phone, without any connection [or] confirmation that [the] fax transmission [was] complete.

(*Id.* ¶ 13.)

Defendant argues that Plaintiff's claim fails because he did not specifically allege that the calls were made by an ATDS or with an artificial or prerecorded voice as required under the TCPA. (Def.'s Mem. in Supp. of Mot. to Dismiss [Doc. # 27-1] at 13-14.) Defendant further contends that Plaintiff should have brought his claim under § 227(b)(1)(C) as that subsection regulates the transmission of unsolicited faxes, but that Plaintiff's claim would fail nevertheless because the faxes were not advertisements. (*Id.* at 18-19.)

## II. Discussion

Whether messages sent as faxes and received as calls are properly analyzed under § 227(b)(1)(A) or § 227(b)(1)(C) of the TCPA is an open issue of law. *See Couser v. Pre-paid Legal Servs., Inc.*, 994 F. Supp. 2d 1100, 1104 (S.D. Cal. 2014) ("[A]nalogous as facsimile transmissions may be to the phone calls at issue in this case, they are prohibited by a different TCPA rule."). *But see Pinchem v. Regal Med. Grp., Inc.*, 228 F. Supp. 3d 992, 997 (C.D. Cal. 2017) ("Given this broad interpretation [in the Ninth Circuit], the Court concludes that an attempt to send a facsimile transmission to a cellphone constitutes a 'call' within the meaning of the TCPA."). However, as Plaintiff fails to state a claim under either subsection, the Court need not rule on that issue.

*a. Analysis Under § 227(b)(1)(A)*

The Supreme Court recently held in *Facebook v. Duguid*, decided April 1, 2021, that the TCPA's narrow prohibition against unsolicited calls applies only to calls produced using an ATDS or an artificial or prerecorded voice and "excludes equipment that does not 'use a random or sequential number generator.'" 141 S. Ct. 1163, 1171 (2021). Because Congress "target[ed] a unique type of telemarketing equipment that risks dialing emergency lines randomly or tying up all the sequentially numbered lines at a single entity," automatic messages or those made merely "without human intervention" were not the subject of § 227(b)(1)(A) and are not prohibited under the TCPA. *Id.* at 1171, 1173.

Plaintiff alleges that the calls were made by "an automated system" and "automatically dialed." (SAC ¶¶ 13, 11.) However, he neither alleges that his number was stored or produced with a random or sequential number generator, nor does he claim that the calls he received used an artificial or prerecorded voice. Thus, under *Facebook*'s strict reading of the TCPA, Plaintiff did not properly allege a violation of § 227(b)(1)(A).

*b. Analysis Under § 227(b)(1)(C)*

Section 227(b)(1)(C) prohibits the transmission of unsolicited *advertisements* via facsimile. While Plaintiff's complaint does not allege that the messages he received were advertisements, (SAC ¶ 12), at oral argument he argued that notifications for prescription pick-ups constituted advertisements because the pharmacy's ultimate goal was to sell goods to the consumer. However, simply because a communication ultimately results in a sale of goods does not always make it an advertisement, particularly if the communication regards the subject of healthcare. In *Latner v. Mount Sinai Health System, Inc.*, the district court found instructive that the Federal Communication Commission's (FCC) regulations interpreting the TCPA included an exception for messages "that deliver[] a 'health care' message made by, or on behalf of, a 'covered entity' or its 'business associate,' as those

terms are defined in the HIPAA Privacy Rule 45 CFR 160.103." No. 16 CIV. 683 (AKH), 2016 WL 10571897, at *2 (S.D.N.Y. Dec. 14, 2016) (quoting 47 C.F.R. § 64.1200), *aff'd* 879 F.3d 52 (2d Cir. 2018), as amended (Jan. 9, 2018). In granting the defendant hospital's motion for summary judgment under the TCPA, the district court concluded that "flu vaccine reminder" messages fell within that exception. *Id.* at *3; *see also Jackson v. Safeway, Inc.*, No. 15-CV-04419-JSC, 2016 WL 5907917, at *5 (N.D. Cal. Oct. 11, 2016) (concluding that the pharmacy's flu shot reminders were exempted from the TCPA because "[r]eminding a patient to receive an annual flu shot is not materially different, for healthcare treatment purposes, than . . . a reminder that a prescription needs to be refilled."). It follows that the prescription refill reminders Plaintiff received would similarly fall within the healthcare exception and not be prohibited by the TCPA. Thus, Defendant's messages about prescription refills, even if sent to the wrong individual, would not violate the TCPA.

In sum, Plaintiff has failed to state a claim under either under § 227(b)(1)(A) or § 227(b)(1)(C), and Defendant's motion to dismiss is granted. As only state law claims remain, this Court declines supplemental jurisdiction and remands the remaining state claims to state court.

### III. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss [Doc. # 27] is GRANTED, and the Clerk is directed to remand the case to the Connecticut Superior Court for the Judicial District of New Haven.

IT IS SO ORDERED.

_____/s/_____

Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 2nd day of August 2021.